**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA    )
    )
    )
    v.    )    Cr. No. 1:13-cr-00131-001 (RJL)
    )
    )
AARON THORPE    )
_____)

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**IMPOSITION OF SENTENCE**

COMES NOW, counsel for the defendant, Joseph Conte, 400 Seventh Street, N.W., Suite 400 Washington, D.C. 20004 to provide the court the defendant's memorandum in aid of sentencing and to address the sentencing factors of 18 U.S.C. §3553(a).

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a). In this case a sentence significantly below the guideline ranges[1] would comply with the purposes of sentencing. In this case the federal sentencing guidelines (hereinafter U.S. Guidelines) and the Superior Court of the District of Columbia Voluntary Sentencing Guidelines (hereinafter D.C.

_____

[1]The defendant was convicted of both federal and District of Columbia Code offenses and thus faces sentencing under two separate advisory sentencing guidelines. The sentencing guideline for Count One (Possession of a Firearm by a Convicted Felon (the only U.S. Code offense) is 110-137 months. The guidelines for the D.C. Code offenses are Count 3 (Conspiracy) 7-14 months, Count 4 (Assault With a Deadly Weapon) 36-78 months, Counts 5 and 6 (Kidnapping) 126-216 months, Count 7 (Burglary) 126-216 months, Counts 8 and 9 (Possession of a Firearm During a Crime of Violence or Dangerous Offense) 72-120 months and Count 10 (Obstructing Justice) 71-120 months.

Guidelines) are unreasonable and as the Supreme Court has held the [U.S.] guidelines "are . . . not to be *presumed* reasonable." *Nelson v. United States* 129 S.Ct. 890, 892 (2009) (Emphasis in original).

In determining the sentence to be imposed this court must consider the federal and D.C. sentencing guidelines and the §3553(a) factors. Those factors are listed below with the facts supporting a sentence below the guideline range(s).

**A.  The Nature and Circumstances of the Offense.**

This case involved the kidnapping and assault of Edmond Peters and Luttitia Fortune, the burglary of Mr. Peters' home, use of a firearm during the kidnapping and burglary, obstruction of justice and finally possession of a firearm by a convicted felon.

**B.  History and Characteristics of the Defendant.**

The defendant is 29 years old. He has two adult convictions for drug offenses as well as well as juvenile convictions for drug offenses and Assault With Intent to Kill.

By far the most compelling reason for this court to consider a sentence below the suggested guidelines is his mental health which is well documented in the Presentence Investigation Report (P.S.I.R.) at paragraphs 60-69. He has been diagnosed with diffuse brain dysfunction, bi-polar disorder and schizophrenia. The defendant also suffers from mild mental retardation. (P.S.I.R. ¶66). Additionally this court must consider the harsh conditions that the defendant suffered as a child including the lack of a father figure, abuse, and a mother addicted to drugs.

**C.  The Need for the Sentence imposed –**

**1.  To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

SENTMEMO DCDC.wpd 241440Z OCT 13

2

The Supreme Court has noted that "a sentence of imprisonment may work to promote not respect but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing. *Id*. At 599. Any sentence below the advisory guideline range in this case would still reflect the seriousness of the offense, promote respect for the law and provide just punishment but it would recognize the defendant's harsh background and mental health.

### 2.    To afford Adequate Deterrence to Criminal Conduct.

At a minimum the defendant is facing a five (5) year sentence on the D.C. Code offense of Possession of a Firearm During a Crime of Violence or Dangerous Offense. This court must impose a sentence on top of that offense. Certainly five (5) years in and of itself is a significant sentence sufficient to afford adequate deterrence to Criminal Conduct. Certainly any sentence above that will reinforce the deterrence. The issue is how much is enough. A sentence below the guideline range would be sufficient for this purpose.

### 3.    To Protect the Public from Further Crimes of the Defendant.

As indicated above the defendant faces a five (5) year mandatory minimum sentence. That sentence alone will protect the public from further crimes by the defendant. Any further sentence will likewise protect the public and a sentence below the guideline will both protect the public and will be sufficient to "comply with the purposes of sentencing."

### 4.    To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

The defendant would benefit from many of the programs offered by the Bureau of Prisons (B.O.P.). Specifically incarceration will give the defendant time to complete his GED. Additionally, given the state of the defendant's mental health it is anticipated that he will benefit from

the medical (psychiatric) care which will be available in the B.O.P.  However a sentence less than the guideline sentence would be sufficient to address these issues.


### D.    The Kind of Sentences Available.

Because of the mandatory/minimum sentences for Counts Eight and Nine for Possession of a Firearm during a Crime of Violence or Dangerous Offense incarceration in this case is the only option.


### E.    The Kinds of Sentence and the Sentencing Range Established By the Guidelines.

Under the Federal Sentencing Guidelines as computed by the Probation Office the defendant's Offense Level is 28.  The defendant is in Criminal History IV.  With an Offense Level Total of 28 and a Criminal History Category IV the resultant sentencing range is 110-137 months.  Since this is in Zone D of the Guidelines incarceration is the only option.  The guidelines for the D.C. Code offenses are Count 3 (Conspiracy) 7-14 months, Count 4 (Assault With a Deadly Weapon) 36-78 months, Counts 5 and 6 (Kidnapping)  126-216 months, Count 7 (Burglary)  126-216 months, Counts 8 and 9 (Possession of a Firearm During a Crime of Violence or Dangerous Offense) 72-120 months and Count 10 (Obstructing Justice)  71-120 months.


### F.    The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who have Been Found Guilty of Similar Conduct.

A sentence below the guideline range will not result in an unwarranted disparities among defendants with similar records.


### CONCURRENT VERSES CONSECUTIVE

This court must impose sentences on U.S. and District of Columbia Code offenses.

Additionally this court must impose a consecutive sentence on Count 8 or 9 (Possession of a Firearm During a Crime of Violence or Dangerous Offense). Counts Four (Assault With a Deadly Weapon), Count Five and Six (Kidnapping While Armed) and Count Seven (Burglary While Armed) already contained the "while armed" element. Thus this court should recognize that the increased punishment for the "while armed" offenses sufficiently penalizes the defendant for possession of a firearm and that any sentence for Count One (Possession of a Firearm by A Convicted Felon) should run concurrently to any other sentence. Alternatively, since the defendant is being sentenced for the kidnapping and burglary while armed convictions, the court should reduce the defendant's Adjusted Offense Level by four (4) points. (The four points added in ¶ 18 of the P.S.I.R. for possessing the firearm in connection with a felony offense). This eliminates any double punishment for the same offenses.

**CONCLUSION**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996). The defendant's case is unique. Because of the unique set of facts as outlined above the court should sentence the defendant below the guidelines.

Respectfully submitted,

_____/s/ *Joseph R. Conte*_____
Joseph R. Conte, Bar #21979
Counsel for Aaron Thorpe
400 Seventh St., N.W.
Suite 400
Washington, D.C. 20004
Phone:       202.638.4100
FAX:         202.628.0249
E-mail:      dcgunlal@gmail.com

SENTMEMO DCDC.wpd 241440Z OCT 13                5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served by ECF to all counsel of record this 24th day of October 2013.

_/s/ Joseph R. Conte_
Joseph R. Conte, Bar #21979
Counsel for Aaron Thorpe
400 Seventh St., N.W.
Suite 400
Washington, D.C. 20004
Phone:        202.638.4100
FAX:          202.628.0249
E-mail:       dcgunlal@gmail.com

SENTMEMO DCDC.wpd 241440Z OCT 13                6