**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No.: 13-131-01 (RJL)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **AARON THORPE,** | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing.

## I.    INTRODUCTION

The defendant and co-defendant, Melvin Knight, were convicted by a federal jury of numerous violent offenses against two innocent citizens.  The facts of this case proved that shortly after midnight on January 28, 2013, Aaron Thorpe and co-defendant Melvin Knight lay in wait outside the home of a victim who lived on Kansas Ave., N.W., Washington, D.C.  The defendants were armed with handguns, wearing ski masks, and were dressed in dark clothing. When the victim and his female friend approached the victim's home, defendant Thorpe and co-defendant Knight emerged from behind the car, and forced the victim and his friend against the wall of the home at gunpoint, and handcuffed them with flexi-cuffs.

In the course of trying to handcuff the male victim, who was resisting restraint, co-defendant Knight discharged his firearm.  A neighbor, hearing the gunshot, looked out a window and observed the initial assault.  The neighbor described one of the defendant's as wearing a shirt with the word POLICE on it.   The neighbor saw the two men force the victim into his home and clearly saw one of them holding a Glock handgun.   After the neighbor's call, the police arrived on the scene and knocked on the victim's door.   The defendants did not respond to

the police repeated requests to open the door.  After which, more police units responded, and several hours later, the Emergency Response Team arrived on scene.

Meanwhile, once inside, defendant Thorpe and co-defendant Knight forced both victims to lie face down on the floor.  The two defendants then bound the male victims' legs and mouths with duct tape, and began searching through his home for the male victim's illegal narcotics and cash.   As the two defendants searched for the drugs and money, they demanded that the victim tell them where his drugs and money were located and threatened both victims, stating that they were not leaving any witnesses.   While lying face down on the floor, fearing for his life and that of his friend, the male victim saw one of the defendants' guns on the floor.  He was able to break his hands free and attempted to reach for the gun.   At that point, the defendants jumped on him, beat the male victim severely in the head and face with another gun, and threatened to kill the victim if he did not relent.   The male victim complied and the two defendants' bound his hands again with flexi-cuffs.

Several hours passed and a substantial police presence, including the ERT, amassed outside the home. The defendants hid and/or attempted to destroy evidence of their crimes, unbound the victims, and threatened them to tell a false story to police about what had happened inside the home.   Defendant Thorpe and the male victim walked out of the home; police officers then went in the apartment and located co-defendant Knight upstairs and rescued the female victim.

II.   **SENTENCING FACTORS**

### A. The Nature of the Offense and Public Protection

The fact that the defendant violently participated in this home invasion and kidnapped two innocent citizens and beat and threatened to kill the victims and possessed a loaded handgun while committing these crimes cannot be over-stated. The harm and violent nature of and the numerous criminal acts clearly demonstrated a wonton and reckless disregard for the victim's safety and the community. Simply stated, the blatant criminal nature of defendant Thorpe's actions are chilling to imagine. Consequently, the public should be protected from the defendant by this Court giving the defendant the maximum term of incarceration with consecutive sentences on each charge and consecutive with respect to each victim.

### B.  The History and Characteristics of the Defendant

Prior to this case, the defendant had several drug related convictions and an assault with intent to kill as a juvenile and as an adult possession of five grams of more of cocaine base in U.S. District Court in the District of Columbia. Significantly, at the time of these acts, the defendant was currently on supervised release status for the Hon. Judge Reggie B. Walton for a conviction for PWID Cocaine base and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year here in this courthouse.

### C.  To Protect the Public from Further Crimes of the Defendant.

Sentencing serves multiple ends, but most of all it must protect the victims and community. Because, of the defendant's long and violent criminal past and record and the facts of the instant matter, this Court should sentence the defendant to the maximum sentence and consecutive for each count of conviction and consecutive to each victim.

**D.   Application of Guidelines in Imposing Sentence**

The government agrees to the sentencing guideline ranges as outlined in the defendant's presentence report.   Fashioning an appropriate sentence requires examining and considering the factors listed in 18 U.S.C. 3553(a).   The nature and circumstances of the offense strongly favor the imposition of a maximum term of imprisonment for the defendant.   Simply put, the defendant committed brutal and calculated crimes on the victims.   Such actions threaten to destroy the foundation of our community.   Defendant Thorpe caused incalculable harm to the victims but also to society.   The history and circumstances of the defendant also favor maximum jail time and that he would obstruct justice by threatening the victims to lie to the police when they were released shows he has no regard for the criminal justice system.   Consequently, the defendant has forfeited his right to live in a free in society.

A sentence shall reflect the seriousness of the offense, promote respect for the law and provide just punishment.   The violent crimes committed here were done for violent and intentional motives which threatens the victims' lives and the community as a whole. Considering the relevant factors and the great harm that the defendant caused, the government recommends that the Court impose a sentence that will ensure that the defendant is incarcerated for the longest term of imprisonment possible.

<div style="margin-left: 40%;">

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY: _____/s/_____

EMORY V. COLE
D. BRITTAIN SHAW
Assistant United States Attorneys
555 4th Street, N.W. Room 4213
Washington, D.C. 20350
(202) 252-7692
Emory.Cole@usdoj.gov
Brittain.Shaw@usdoj.gov

</div>