UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | . | Case No. 1:13-CR-00131 |
| | . | (RJL) |
| Plaintiff, | . | |
| | . | Washington, D.C. |
| v. | . | May 14, 2013 |
| | . | |
| AARON THORPE and | . | **FILED** |
| | . | |
| MELVIN KNIGHT, | . | **JUN 6 - 2014** |
| | . | |
| Defendants. | . | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |
| . . . . . . . . . . . . . . . | . . | |

DETENTION HEARING
BEFORE THE HONORABLE ALAN KAY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:     Office of the U.S. Attorney
                       By:  EMORY COLE, AUSA
                            BRITTAIN SHAW, AUSA
                       555 Fourth Street, N.W.
                       Washington, DC 20035

For Defendant Thorpe:  Law Offices
                       By:  JOSEPH CONTE, ESQ.
                       400 Seventh Street, NW
                       Suite 400
                       Washington, DC 20004

For Defendant Knight:  Federal Public Defender
                       By:  SHAWN MOORE, ESQ.
                       625 Indiana Avenue, N.W.
                       Suite 550
                       Washington, DC 20005

(Proceedings commenced at 2:08 p.m.)

THE CLERK: Criminal Case Number 2013-131, The United States of America v. Aaron Thorpe, Defendant Number 1, and Melvin Knight, Defendant Number 2.

Emory Cole representing the Government.

Joseph Conte representing Defendant Thorpe.

Shawn Moore representing Defendant Knight.

Both Defendants are present in the courtroom. This case is set for a detention hearing.

MR. COLE: Good afternoon, Your Honor.

THE COURT: Good afternoon, sir.

MR. COLE: Your Honor, we're asking, respectfully, that this Court detain the Defendants pending trial this matter, under the authority the Grand Jury has already indicted the Defendants on various charges I'll review, but based on the strength of its case and the Defendants' actions and the Grand Jury indictment, and the Defendants' current status on supervised release, as I will outline further for the Court and -- just momentarily, but the Grand Jury saw fit, based on probable cause, to indict these Defendants on various charges.

These charges include unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one

year, under the applicable United States Code Section, and also for conspiracy, conspiracy to do various acts -- violent acts against two individuals in this case, as noted in grand jury -- the Indictment, on pages 4.

That conspiracy was to assault individuals with a --

THE COURT: Page 4 of?

MR. COLE: The Indictment. I'm just saying -- I'm just --

THE COURT: I see.

MR. COLE: -- reviewing the indictment and the charges, Your Honor.

THE COURT: Yes.

MR. COLE: The last count of the conspiracy outline, overt acts, which the Grand Jury found among them, that the Defendants wore masks during the kidnaping, and they targeted a certain individual to kidnap and rob that person of illegal narcotics and U.S. currency.

In addition, Your Honor, the Defendants face assault with a dangerous weapon charges.

In addition, they face kidnaping while armed charges, first-degree burglary while armed charges, and possession of a firearm during a crime of violence or dangerous offense.

And finally, they face charges of obstruction of justice.

The outline of this case, Your Honor, we are asking that the Defendants to be detained. Specifically, we are outlining that Defendant Thorpe be detained under 18-3142(d)(1)(A)(iii), that the Defendant was on probation or parole at the time.

More particularly, Your Honor, Mr. Thorpe was on supervised release from Judge Walton on another case in this particular courthouse at the time.

The Defendant also, Mr. Thorpe, we are asking next --

THE COURT: Is he still on --

MR. COLE: He was on supervised release at the time of this crime, Your Honor, and Judge Walton has issued a --

THE COURT: He's still on Judge Walton's --

MR. COLE: Supervised release? Yes, Your Honor.

THE COURT: I see.

MR. COLE: On February 12, 2013, Judge Walton issued a detainer for him, based on his -- Mr. Thorpe's new arrest in this case.

More important, Your Honor, as outlined in --

THE COURT: So it's going to be if the Court

were to release him that would be a pyrrhic victory; would it not?

MR. COLE: That is correct, Your Honor, but we are proceeding accordingly. We've talked to counsel regarding this matter.

THE COURT: Very well.

MR. COLE: We're asking that the Defendant also be detained because he's charged with a crime of violence, and that the Defendant has been charged with a felony of two or more previous felony convictions, and the Defendant has been charged in this case, with an offense involving the possession of a firearm.

THE COURT: All right.

MR. COLE: As relates to Defendant Knight, Your Honor, we ask that the Defendant be detained under 18-3142(d)(1)(A)(iii) because the Defendant was on probation or parole at the time of this offense.

More specifically, Defendant Knight was on supervised release from the Chief Judge, Chief Judge Lamberth, in this Court, and Chief Judge Lamberth has lodged a detainer against this Defendant based on his arrest in this particular matter that he appears before you right now.

We also ask that Defendant Knight be detained pending trial in this matter, because Defendant has

been charged with an offense that involves the possession and use of a firearm, and the Defendant has been charged with a crime of violence.

Those are the reasons that we would ask that the Defendant be -- the Defendants be detained, but more specifically, as it relates to the facts of this case, Your Honor, they are chilling in nature, and the Grand Jury has so indicted the Defendants based on a brief summary of the facts, as I will outline them to you now.

On or about January 27th/January 28th at the midnight hour, both Defendants armed themselves with handguns. Defendant Knight had a .40 caliber, 9 millimeter Glock. The evidence showed Defendant Thorpe had a 9 millimeter firearm. Both were loaded.

Both Defendants, at that time, around midnight, approached and accosted Complainant Number 1, as I would say, and Complainant Number 2, as Complainant Number 1 was going to his apartment at xxxx xxxxxx xxxxxx, Northeast, Washington D.C.

Complainant Number 1 was going -- is a male. Complainant Number 2 is a female. They were going into boyfriend/girlfriend situation.

Defendant Knight, while dressed, and Defendant Thorpe, while dressed in some type of shirt

that said "Police" on it, accosted both of the Complainants.

Eventually, during that assault, the firearm that Mr. Knight had, the .40 caliber Glock, went off and discharged, not hitting one of the Complainants, but it went off. One of the astute neighbors heard that, in fact called 911 for the police to come.

Prior to the police coming, both Defendants forced Complainant Number 1 and Complainant Number 2 into Complainant Number 1's apartment, and while inside the apartment, both Defendants alternatively beat Complainant Number 1 about the face and head, demanding Complainant Number 1 to turn over his illegal drugs and/or money.

This particular beating and assault, they tied and duct taped the Complainant Number 1 and Complainant Number 2. They used plastic ties to tie the hands and/or feet of Complainant Number 1 and Complainant Number 2, and moments thereafter, being forced into the apartment, Complainant Number 1 and Complainant Number 2, these Defendants continued to beat Complainant Number 1, all the time while police were knocking at the door calling, "Police. We're here."

The police surrounded Complainant Number 1's

apartment. Over the course of 2 hours, complainant -- the -- Defendant Knight and Defendant Thorpe continued to insist, where was the money and drugs from Complainant Number 1, while police surrounded the apartment, and Defendant Number 1 and Defendant Number 2 did not -- Defendant Number 1, Thorpe, Defendant Number 2, Knight, did not allow the police into the apartment.

And by way of a brief summary -- further brief summary, Your Honor, during this 2-hour period they ransacked -- the Defendants ransacked the apartment, looking for all the proceeds that they could find, while police were there.

Police eventually called the ERT, Emergency Response Team, similar to SWAT, to extricate the victims of this crime.

Shortly, after about 2 hours, 3 hours or so of the standoff, as I and the Grand Jury heard, the Defendants allow Complainant Number 1 and Complainant Number 2 to come out of the apartment. Before coming out of the apartment, Defendants Thorpe and Knight told Complainant Number 1 and Complainant Number 2 what to tell the police, a lie about what was going on.

Because Complainant Number 1 was visibly bruised with his eye -- eyes almost shut and swollen,

and bleeding about his face, Mr. Knight and/or Mr. Thorpe told the Complainants to tell the police they were in there -- they were cousins and/or friends and they got into a fight, and that was it. And based on that assault, Complainant Number 1 and Complainant Number 2 initially told the police that false story.

Subsequently, Your Honor, the story unraveled, the truth came out. Mr. Knight and Mr. Thorpe viciously assaulted the Complainant Number 1 and Complainant Number 2. That's why the charges, in fact, ensued in this matter.

It is important to note, finally, that because of these Defendants' actions, the young lady was put at risk of death or serious bodily injury. The young man, Mr. -- Complainant Number 1, was put at risk of death or serious bodily injury, and these Defendants are violent criminals.

Based on that and based on the fact that Judge Walton -- the Defendant was already on a -- on supervised release for a violent -- a dangerous offense, either drugs and/or violence, and to -- Mr. Knight is on the release for Chief Judge Lamberth for a dangerous drug or violent offense, these Defendants should be detained and -- until sentencing, so that Judge Leon and a jury of their peers can hear about

this particular matter that brings them before you today.

Based on that, Your Honor, that's all we have. We would ask they be held accordingly.

THE COURT: All right. Thank you, Mr. Cole.

THE COURT: Mr. Conte?

MR. CONTE: Your Honor, in lieu of the -- in light of the detainer which has been lodged by Judge Walton, there's little I can say today, except that we would repeat our demand for a speedy trial in this matter.

THE COURT: Very well. Thank you, Mr. Conte.

Mr. Moore?

MR. MOORE: Your Honor, as the Court noted, I could make an argument rebutting Mr. Cole's. It would be a pyrrhic victory since he's -- Mr. Knight is being held.

I would just note, among other things, with respect to the facts, the discovery that I've seen so far, Mr. Cole indicated that the perpetrators were wearing -- one or both was wearing a police shirt, something identifying him or them as police, and I don't believe any such thing has been recovered -- was recovered from the scene of the crime.

That said, however, he is indeed being

detained, and he -- we just as soon him get credit for the time that he's serving at this point, since he can't be released today anyways.

THE COURT: Thank you, Mr. Moore.

In light of the non-objection on behalf of each of the Defendants, the Court is going to grant the Government's request that both Mr. Thorpe and Mr. Knight will be held without bond.

Notwithstanding the detainers, I think under the circumstances the Court would have so found that there were -- with clear and convincing evidence, that they would pose a danger to the community, and accordingly, as I say, the Court is going to direct they be held without bond pending further proceedings before Judge Leon.

Thank you, Counsel. Nothing further.

(Proceedings concluded at 2:21 p.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


/s/_____        May 24, 2014

STEPHEN C. BOWLES