

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 10, 2021

Mary E. Davis, Esq.
Davis & Davis
1350 Connecticut Avenue, N.W.
Washington, D.C. 20036

        Re:    United States v. Melvin Knight
                Criminal Number 13-131-02 (RJL)

Dear Mrs. Davis:

This letter confirms the agreement between your client, Melvin Knight (hereinafter "Knight" or "your client"), and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea letter is provided as a result of the D.C. Circuit's decision in *United States v. Knight*, 19-3016 (D.C. Cir. December 8, 2020).[1] If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

1.      **Charges and Statutory Penalties and Sentencing Guidelines Analysis**

Your client, Melvin Knight, agrees to admit guilt and enter a plea of guilty to Count Four Assault with a Dangerous Weapon of the pending Indictment, in violation of D.C. Code § 22-402. The maximum term of imprisonment is 10 years. Your client understands that the offense of Assault with a Dangerous Weapon (Firearm) carries a potential maximum penalty of ten (10) years' imprisonment and/or a $25,000 fine. Your client further understands that the Court shall impose a

---

[1] On December 8, 2020, the United States Court of Appeals for the D.C. Circuit ("D.C. Circuit") issued an opinion remanding the defendant's underlined conviction for further review and directive to this Court. On February 4, 2021, the D.C. Circuit issued its mandate in the above matter, *inter alia*, reversing this Court's denial of defendant Knight's Sixth Amendment challenge and remanded to this Court instructions to provide a remedy in accordance with the opinion of the D.C. Circuit outlined in USCA Case Number 19-3016. Because the D.C. Circuit had found that defendant Knight received ineffectiveness of counsel at his plea stage in Superior Court, the D.C. Circuit remanded the case for the government to offer the original plea of Assault with a Deadly Weapon ("ADW") to defendant Knight.

term of supervised release of three (3) years. Your client understands that, pursuant to D.C. Code § 16- 711, the Court may, in addition to any other sentence imposed as a condition of probation or as a sentence itself, require your client to make reasonable restitution or reparation, pursuant to the factors set forth therein.

An assessment fee must be imposed for each count of conviction in violation of the D.C. Criminal Code that was committed on, or after, December 5, 1996. The assessment fee imposed for a felony offense must be between $100 and $5,000. Assessment fees may not be waived and are due when ordered. However, the fees may be collected during a term of incarceration, probation, parole, or supervised release. Assessment fees are to be made payable to the Criminal Finance Office, Room 4203, D.C. Superior Court, 500 Indiana Avenue, NW, Washington, D.C., for deposit into the Crime Victims Compensation Fund. 3 D.C. Code §§ 435-436. (Victims of Violent Crime Compensation Emergency Amendment Act of 1996.

The Government will request that the Court dismiss the remaining counts of the Indictment in this case at the time of sentencing.

### A.    Estimated Guidelines Range

Pursuant to the D.C. Voluntary Sentencing Guidelines, this count falls under Group 6. In conjunction with your client's criminal history score of B, the guidelines range is 24 to 66 months.

If the Court imposes a sentence of more than one year, the Court shall impose a term of three years supervised release because the maximum term of imprisonment is more than one year, but less than 25 years. 24 D.C. Code § 403.01(b)(2)(B). If the Court imposes a sentence of one year or less, the Court shall impose a term of not more than three years supervised release because the maximum term of imprisonment is more than one year, but less than 25 years. 24 D.C. Code § 403.01(b)(3)(B).

The defendant is eligible for a term of probation, which shall not exceed five years, for each count of conviction that violates the D.C. Criminal Code. Should the Court choose to impose a term of probation, the Court may 1) suspend the imposition of sentence, 2) impose the sentence and suspend the execution of the sentence, 3) or impose the sentence and suspend the execution of a portion of the sentence. 16 D.C. Code §§ 710 and 710(b).

### B.    Restitution

The Court may, as a condition of probation or as a sentence itself, require a defendant to make restitution, pursuant to 16 D.C. Code § 711. The Court shall fix the manner in which restitution is to be paid. Restitution may be awarded to any victim(s) of a crime of violence, in accordance with compensation requirements set forth in 3 D.C. Code § 128. Victims of Violent Crimes Emergency Amendment Act of 1996. Restitution shall be payable directly to the Crime Victims Compensation Fund for eventual distribution to the awardee.

2

## 2.    **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

## 3.    **Conditions of Release**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond Status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

## 4.    **Waivers**

### A.    **Venue**

Your client waives any challenge to venue in the District of Columbia.

### B.    **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement)may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### C.    **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already

provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel. to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.    Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claims that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of

4

ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.    Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### 5.    Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

5

6.    **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than March 10, 2021.

Sincerely yours,

Channing D. Phillips
Acting United States Attorney

By:

EMORY V. COLE
Assistant United States Attorney

6

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Mary Davis, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 3/11/21

Melvin Knight
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Melvin Knight and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 3/11/21

Mary T. Davis, Esq.
Attorney for Defendant

7