**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Criminal No.: 13 - 131 -01 (RJL)** |
| | : | |
| | : | |
| **AARON THORPE** | : | |

### DEFENDANT AARON THORPE'S CONSENT TO THE GOVERNMENT'S MOTION TO DISMISS CERTAIN COUNTS IN THE INDICTMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48(a)

Defendant, Aaron Thorpe, through undersigned counsel, hereby consents to the Government's pending motion to dismiss Counts 1, 3, 5, 6, 7, 8, 9, and 10 of the instant indictment pursuant to Federal Rule of Criminal Procedure 48(a). In addition, Mr. Thorpe consents to Count Four remaining as the single count of conviction. Mr. Thorpe agrees with the Government's assertion that granting the requested relief is in the interests of justice. (Gov. Motion, at 1). Defendant further affirms that if the Government's motion to dismiss counts is granted he will voluntarily withdraw his pending § 2255 motion.

### PROCEDURAL POSTURE

Mr. Thorpe is serving his 300-month sentence imposed in this case and his projected release date is May 5, 2036. As referenced in the Government's motion, government counsel and undersigned counsel for Mr. Thorpe have engaged in ongoing discussions regarding a disposition of this matter "to ameliorate any injustice that would result from permitting the inadequately counseled defendant [Knight] to accept the original plea offer but not the

1

codefendant [Thorpe] . . . ."  (Gov. Motion, at 4) (quoting *United States v. Knight*, 981 F.3d 1095, 1109 (D.C. Cir. 2020)).

Faced with the imminent expiration of the statutory filing deadline,[1] Mr. Thorpe filed on March 4, 2022, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 and Incorporated Memorandum of Facts and Law.  [Dkt. 181]  Thereafter, on March 7, 2022, the Court issued an order that the Government file its response to the motion by April 4, 2022.  Subsequently, the Government filed its above-referenced dismissal motion.  [Dkt. 184]  On March 31, 2022, the Court granted the Government's unopposed motion for an extension of time to May 31, 2022, to file its response to Mr. Thorpe's § 2255 motion.  As represented in the Government's dismissal motion, if this Court ultimately grants the motion to dismiss the enumerated counts of the indictment – to which Mr. Thorpe consents – undersigned counsel for Mr. Thorpe will voluntarily withdraw his pending § 2255 motion.  (Gov. Motion, at 6 n.4)

### THE GOVERNMENT'S DISMISSAL MOTION, AS CONSENTED TO BY DEFENDANT THORPE, IS CONSISTENT WITH THE PUBLIC INTEREST IN HE FAIR ADMINISTRATION OF JUSTICE

As explicated in the Government's motion to dismiss certain counts of the indictment against Mr. Thorpe, the requested relief would "ameliorate any injustice" resulting from codefendant Knight receiving the benefit of the original plea offer in this case but denying that benefit to Mr. Thorpe, who was prevented from taking the original wired plea deal because of Knight's refusal to accept it.  Mr. Thorpe sees no reason to repeat the well-reasoned and articulated points set forth in the Government's dismissal motion.  However, Mr. Thorpe presents some additional legal authority in support of the dismissal motion to aid the Court in its resolution of the matter.

---

[1] 28 U.S.C. § 2255(f)(1) provides for a 1-year period of limitation for the filing of a post-conviction motion to vacate from the date on which the judgment of conviction becomes final.

Rule 48(a) of the Federal Rules of Criminal Procedure provides, in pertinent part, that the government may dismiss an indictment "with leave of court."  As the government notes, the judicial leave provision allows for some role by the district court in adjudicating motions to dismiss an indictment under Rule 48(a).  (Gov. Motion, at 5) (citations omitted).  However, it is well-settled under both Supreme Court and D.C. Circuit precedents that courts have an extremely limited role in ruling on the government's determination to dismiss charges under Rule 48(a).  The Supreme Court has noted that while the rule's "leave of court" language vests some discretion in the district court, "[t]he principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."  *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977) (additional citations omitted) (district court abused discretion in denying government's post-conviction motion to dismiss indictment under Rule 48(a) based upon *Petite* policy violation).  *See also United States v. Armstrong*, 517 U.S. 456, 464 (1996) (recognizing the constitutional authority for the Executive Branch's primacy in criminal charging decisions); *McCleskey v. Kemp*, 481 U.S. 279, 311-12 (1987) ("the capacity of prosecutorial discretion to provide individualized justice is firmly entrenched in American law . . . .").

Referencing the *Rinaldi* Court's construction of Rule 48(a)'s "leave of court" provision as conferring nothing more than a narrow role for the district court, the D.C. Circuit has held that "decisions to dismiss pending criminal charges [under Rule 48(a)] – no less than decisions to initiate charges and to identify which charges to bring – lie squarely within the ken of prosecutorial discretion."  *United States v. Fokker Services B.V*, 818 F.3d 733, 742 (D.C. Cir. 2016) (citing *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) ("Few subjects are

less adapted to judicial review than the exercise by the Executive of his discretion in deciding . . . whether to dismiss a proceeding once brought.")).  Thus, the D.C. Circuit held that Rule 48(a)'s "leave of court" language "gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based upon a disagreement with the prosecution's exercise of charging authority." *Fokker Services*, 818 F.3d at 742; *United States v. Scantlebury*, 921 F.3d 241, 250 (D.C. Cir. 2019) (quoting *Fokker Services*).

So understood, Rule 48(a) "confers no new power in the courts to scrutinize and countermand the prosecution's exercise of its traditional authority over charging and enforcement decisions." *Id.* at 743.  *See also In re Flynn*, 973 F.3d 74, 85 (D.C. Cir. 2020) (Griffith, J., concurring) ("it would be highly unusual if [the district court did not grant the Government's motion to dismiss the case] given the Executive's constitutional prerogative to direct and control prosecutions and the district court's limited discretion under Rule 48(a), especially when the defendant supports the Government's motion.").  Moreover, Rule 48(a) applies even after conviction, sentencing, and appeal.  *See, e.g., Rinaldi*, 434 U.S. at 29-32 (Rule 48(a) dismissal motion filed while case was pending direct appeal); *United States v. Hamm*, 659 F.2d 624, 628-31 (5th Cir. 1981) (Rule 48(a) motion filed after entry of guilty pleas); 3B Wright & Miller, Fed. Prac. & Proc. Crim. § 802 (4th ed. 2013).

To be sure, the D.C. Circuit has recognized that under Rule 48(a)'s "leave of court" requirement, the district court is not merely a "rubber stamp" for the prosecutor's decision to dismiss an indictment.  *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973).  As such, the court can consider whether dismissal "sufficiently protects the public." *Id.* at 620.  However, the court's exercise of its narrow discretion is strictly limited by the presumption of regularity that applies to prosecutorial charging decisions and the presumption is overcome only

in rare cases by "clear evidence to the contrary." *Armstrong*, 517 U.S. at 464-65.  In the instant case, for the substantial reasons and factual basis set forth in the Government's Rule 48(a) motion, dismissal of the enumerated counts of the indictment against Mr. Thorpe not only is in the public interest but as recognized explicitly by the Court of Appeals in this case, dismissal will "ameliorate any injustice" resulting from the disparate outcomes for Mr. Thorpe and codefendant Knight.  Under these circumstances, the presumption of regularity clearly applies to the prosecutors' dismissal motion.

**CONCLUSION**

The Government's dismissal motion filed under the unique circumstances of Mr. Thorpe's case brings to mind the enduring words of the Supreme Court in describing the federal prosecutor as occupying a position of public trust in the criminal justice system:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.

*Berger v. United States*, 295 U.S. 78, 88 (1935).

The Government's Rule 48(a) dismissal motion is consistent with the best traditions of prosecutors acting in a position of public trust.  As noted in the government's motion, dismissal of the enumerated charges against Mr. Thorpe will leave in place his 60-month sentence on Count 4, and his placement on supervised release for three years. (Gov. Motion, at 6, n.5) However, counsel would remind the Court that Mr. Thorpe has already served more than 9 years in prison in this case, which is well above the maximum sentence that could have been imposed if  he had been able to accept the plea offer.  Moreover, Mr. Thorpe has already served at least a year more than his co-defendant, Melvin Knight, whose non-acceptance of the wired plea offer

prevented Mr. Thorpe from accepting his offer in the first place.  Thus, by granting the dismissal, the Court will be advancing the public's interest in the fair administration of criminal justice, and will be ameliorating the injustice resulting from the favorable resolution of the co-defendant's case following the Court of Appeals' decision.  In addition, as noted above, if the Government's dismissal motion is granted the Defendant will be withdrawing his pending § 2255 motion.

Accordingly, for the foregoing reasons, Defendant Aaron Thorpe consents to the Government's Rule 48(a) dismissal motion and respectfully requests that the Court grant the relief as set forth in the pending motion.

Respectfully submitted,

/s/
Howard B. Katzoff (Bar # 348292)
717 D Street, NW Suite 310
Washington, D.C. 20004
(202) 783-6414
katzoffh@aol.com
Attorney for Aaron Thorpe

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion To Vacate, Set Aside, or Correct Sentence has been filed via the Electronic Court Filing System (ECF), causing a copy to be served on Government counsel of record this _____27th_____ day of _____April_____, 2022.

/s/
Howard  B.  Katzoff

6