**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                    |   |                                        |
|------------------------------------|---|----------------------------------------|
| UNITED STATES OF AMERICA,          | ) |                                        |
|                                    | ) |                                        |
| Plaintiff,                         | ) |                                        |
|                                    | ) |                                        |
| v.                                 | ) | Criminal Case No. 13-131-1 (RJL)       |
|                                    | ) |                                        |
| AARON THORPE,                      | ) |                                        |
|                                    | ) |                                        |
| Respondent.                        | ) |                                        |

**MEMORANDUM OPINION**
February **21**, 2023 [Dkt. ## 181, 184]

The novel issue presented by this case can be stated succinctly: should the Government be able to use a Rule 48(a) motion to effectively orchestrate a lesser sentence that it now believes is a more equitable outcome in a case, *after* a jury has convicted, a court has sentenced, and an appellate court has blessed a defendant's conviction and sentence. Fortunately, the answer here is *no* because the Government has failed to meet its burden of showing that this supposedly more "equitable" outcome would be proper under the facts and law presented by this case. As such, its Rule 48(a) motion is **DENIED**. Moreover, because defendant Aaron Thorpe's § 2255 claim seeking effectively the same relief is procedurally barred, that motion is **DENIED** as well.

**BACKGROUND**

Shortly after midnight on January 28, 2013, defendant Aaron Thorpe (the "defendant" or "Thorpe") and his co-conspirator, Melvin Knight ("Knight"), disguised

themselves as police officers and kidnapped, assaulted, and attempted to extort a Washington, D.C. drug dealer and his girlfriend. *United States v. Knight*, 824 F.3d 1105, 1108 (D.C. Cir. 2016) (*Knight I*) (Kavanaugh, J.). The police responded after an observant neighbor called 911, foiling the plan. *Id.* In proceedings in D.C. Superior Court, Thorpe and Knight were offered a "wired" plea, the terms of which would have allowed each to plead guilty to a single count of assault with a deadly weapon under D.C. law in exchange for the Government forgoing more serious charges. After Knight rejected the plea, the Government proceeded to bring nine charges against each defendant in federal court, including felon in possession, assault with a deadly weapon, conspiracy, kidnapping, first degree burglary, possession of a firearm during a crime of violence, and obstruction of justice. *See* Indictment [Dkt. # 1]. After a multi-week trial before this Court, a jury convicted both Thorpe and Knight on all counts. The Government requested that the Court impose the harshest possible sentence on both defendants in recognition of the heinous nature of their crimes, their extensive criminal records, and the need to protect the public. *See* Gov't's Mem. in Aid of Sentencing ("Gov't's Sentencing Mem.") [Dkt. # 62] at 3 (requesting "the maximum term of incarceration with consecutive sentences on each charge"). I sentenced Thorpe to 300 months in prison and Knight to 268 months.

On direct appeal, our Circuit Court upheld both Thorpe's conviction and the substantive reasonableness of his sentence against a due process challenge. *Knight I*, 924 F.3d at 1111. The Court of Appeals specifically addressed the same factors the Government had cited in its sentencing memorandum, holding that "[i]n light of these facts, the District Court reasonably concluded that a 25-year sentence was appropriate for

Thorpe's own chance at reform, to protect the community, and to deter others from engaging in similar behavior." *Id.* (citing 18 U.S.C. § 3553(a)). Furthermore, our Circuit Court specifically rejected Thorpe's argument that a multi-year discrepancy between his and Knight's sentences rendered his own sentence unreasonable, reasoning that, as Thorpe acknowledged, he "[had] a more significant criminal history than Knight." *Id.* Finally, our Circuit Court remanded for consideration of Thorpe and Knight's claims of ineffective assistance of counsel. *Id.* at 1113.

After nearly four years of further litigation, the case returned to the Court of Appeals. This time, our Circuit Court held that Knight's counsel was ineffective and ordered the Government to reoffer the original plea deal that Knight had rejected in 2013. *See United States v. Knight*, 981 F.3d 1095, 1107–08 (D.C. Cir. 2020) (*Knight II*). Under applicable D.C. law, the acceptance of that plea offer resulted in Knight's immediate release. In the same opinion, our Circuit Court affirmed the effectiveness of Thorpe's counsel, *id.* at 1107, but for some unknown reason suggested that the Government might reoffer the same plea to Thorpe even though it acknowledged that it could not "order that it do so," *id.* at 1109.

Seizing this unexpected opportunity nestled in our Circuit Court's opinion, Thorpe timely filed a motion under 28 U.S.C. § 2255 seeking to strike all convictions other than on Count 4, the single count of assault with a dangerous weapon under D.C. law that was proposed in the original plea deal. *See* Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Incorporated Mem. of Facts and Law ("Thorpe's Mot.") [Dkt. # 181]. Thorpe argues that he is entitled to the same relief granted to Knight on "due

3

process" and "equitable grounds." The Government opposes Thorpe's motion. *See* U.S.'s Opp. to Def.'s Mar. 4, 2022, Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't Opp.") [Dkt. # 195]. Curiously, however, the Government has moved to dismiss all counts other than Count 4 under Rule 48(a) of the Federal Rules of Criminal Procedure. *See* Gov't's Mot. to Dismiss Certain Counts in the Indictment Pursuant to Fed. R. Crim. P. 48(a) ("Gov't's Mot.") [Dkt. # 184]. Granting the Government's motion, of course, would effectively afford Thorpe the same relief he seeks by his § 2255 motion. Unsurprisingly, Thorpe consents to the Government's motion. *See* Defendant Aaron Thorpe's Consent to the Government's Motion to Dismiss Certain Counts in the Indictment Pursuant to Fed. R. Crim. P. 48(a) ("Thorpe's Consent") [Dkt. # 186]. I heard oral argument on the Government's motion on September 19, 2022. Both motions are fully briefed and ripe for decision.

## LEGAL STANDARD

A defendant convicted of a crime may seek collateral review under 28 U.S.C. § 2255 if the sentence was imposed "in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or the sentence is otherwise subject to collateral attack." *Id.* Claims not raised on direct appeal generally may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). If a defendant failed to raise an issue on direct appeal, he must show both "cause" for his failure to do so and "prejudice" resulting from that failure to raise the issue in a collateral attack. *McCleskey v. Zant*, 499

4

U.S. 467, 493 (1991). The identified "cause" must be "some objective factor external to the defense." *Id.* at 493–94. As a general rule, claims that have been fully litigated and rejected on direct appeal may not form the basis for a § 2255 motion. *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987).

Criminal Rule 48(a) states that "The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). In *United States v. Ammidown*, our Circuit Court interpreted Rule 48(a) to require that the Government submit a "statement of reasons and underlying factual basis" by which the reviewing court can ensure "that the reasons advanced for the proposed dismissal are substantial." 497 F.2d 615, 622 (D.C. Cir. 1973). The Supreme Court approvingly cited *Ammidown* in *Rinaldi v. United States*, reasoning that the term "leave of court" "obviously vest[s] some discretion in the court." 434 U.S. 22, 29 n.15 (1977).

## DISCUSSION

### I. 2255 Motion

Thorpe's motion rests solely on the fact that the ineffective assistance of his co-defendant's counsel resulted in a windfall to Knight in the form of a reduced sentence, while Thorpe has enjoyed no such benefit. Operating from that basis, Thorpe has fashioned two arguments. First, he argues that the circumstances under which he was prevented from accepting the wired plea offer constitute a violation of due process. *See* Thorpe's Mot. at 8–17. Second, acknowledging that no court in any circuit has ever taken this approach, Thorpe argues that he is nonetheless entitled to the same relief as Knight on "equitable"

grounds. *See id.* at 17–19. Unfortunately for Thorpe, both arguments are foreclosed, so his motion must be denied. How so?

It is correct, as Thorpe suggests, that due process rights are implicated when the Government negotiates potential pleas with criminal defendants. *See Santobello v. New York*, 404 U.S. 257, 260–62 (1971). But it is no less true that our Circuit Court has already considered Thorpe's due process arguments and rejected them. *See Knight I*, 924 F.3d at 1110–12. To the extent that he now seeks to present the same underlying argument in a new light, Thorpe has not even attempted to identify any "objective factor external to the defense" that prevented him from raising the specific arguments he now mounts on direct appeal. *McClesky*, 499 U.S. at 493–94; *see generally* Thorpe's Mot. As such, he cannot make the showing of cause and prejudice required by Supreme Court precedent. *See McCleskey*, 499 U.S. at 493; *see also Greene*, 834 F.2d at 1070.

In his reply, Thorpe argues, for the first time, that his due process claim falls within a narrow exception to the general rule requiring habeas petitioners to show cause and prejudice to excuse omission of an argument on direct appeal. According to Thorpe, the court should excuse his failure because his claim presents an argument "that 'is so novel that its legal basis [was] not reasonably available to counsel'" on direct appeal. Def. Aaron Thorpe's Reply to the Gov't's Opp. to Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Thorpe's Reply") at 5 [Dkt. # 198]; *United States v. Bousley*, 523 U.S. 614, 622 (1998). As an initial matter, Thorpe has waived this argument because he raised it for the first time in his reply brief. *See, e.g., In re Asemani*, 455 F.3d 296, 300 (D.C. Cir. 2006) ("Asemani's first argument . . . is waived because it was made

for the first time in his reply brief."). And even if the Court were to consider Thorpe's argument, it would fail. The purported unfairness of disparate outcomes as to the two defendants resulting from the ineffective assistance rendered by Knight's attorney is not a "novel" argument; Thorpe raised it on direct appeal. As such, the "novelty" exception does not apply.

Thorpe's second argument fares no better. Thorpe concedes, as he must, that he has suffered no cognizable harm to *his* right to effective assistance of counsel. *See* Thorpe's Mot. at 17–18. Indeed, our Circuit Court specifically held that "there was no violation of [Thorpe's] Sixth Amendment rights." *Knight II*, 981 F.3d at 1099. Instead, Thorpe now argues that he is entitled to the same relief granted to Knight on "equitable grounds." Thorpe's Mot. at 17. But, again, our Circuit Court already considered this question in deciding Thorpe's direct appeal and granted him no relief. *Knight II*, 981 F.3d at 1109. This argument is therefore foreclosed. *See Greene*, 834 F.2d at 1070.

Thorpe has failed to allege, much less establish, the cause and prejudice he *must* prove to relitigate his due process arguments, and his argument on equitable grounds is squarely foreclosed by our Circuit Court's decision on direct appeal. Therefore, Thorpe's § 2255 motion is **DENIED**.

## II. Rule 48(a) Motion

While the Government opposes Thorpe's § 2255 motion, it seeks functionally identical relief in its own motion under Rule 48(a). While it downplays the import of its highly unusual request, the Government concedes in a footnote that the grant of its motion

would "result in defendant Thorpe's immediate release" because he has already served the maximum sentence this Court could impose on the contemplated charge. Gov't's Mot. at 6, n.5. Thorpe, of course, agrees. *See* Thorpe's Consent at 5. In essence, then, the Government is asking the Court to resentence Thorpe to time served. In doing so, the Government seeks to usurp this Court's constitutional role of determining a just and appropriate sentence by reverse-engineering the charges—charges on which it has already obtained convictions and a sentence that have both been upheld on appellate review—to arrive at the Government's preferred sentencing outcome. Please. To say the least, this is too clever by half!

To its credit, the Government at least acknowledges, as Thorpe does not, that the Court retains some measure of discretion. *Compare* Gov't's Mot. at 5 (acknowledging that Supreme Court precedent "vest[s] some discretion in the court") *with* Thorpe's Consent at 3–5. Indeed, our Circuit Court has held that "we do not think Rule 48(a) intends the trial court to serve merely as a rubber stamp for the prosecutor's decision." *Ammidown*, 497 F.2d at 622. Rather, "the judge should be satisfied that the agreement adequately protects the public interest." *Id.* at 620 (quotation omitted). To fulfill that obligation, our Circuit Court articulated three principles to guide district courts in evaluating such motions. First, Rule 48(a)'s language "gives the court a role in dismissals following indictment." *Id.* at 620. Second, in making its assessment, "the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis." *Id.* Third, in fulfilling its role of "guarding against abuse of prosecutorial discretion," the court should satisfy itself "that

8

the reasons advanced for the proposed dismissal are substantial." *Id.* (quotation omitted). Finally, one essential component of "the public interest" is the "protection of the sentencing authority reserved to the judge." *Id.* at 622. That, indeed, is still good law in our Circuit! *See United States v. Fokker Services B.V.*, 818 F.3d 733, 746 (D.C. Cir. 2016) (distinguishing between "the Executive's traditional power over charging decisions and the Judiciary's traditional authority over sentencing decisions") (citing *Ammidown*, 497 F.2d at 619).

The distinction between the Executive's power over charging decisions and the Judiciary's role in sentencing persists after a sentence has been imposed. In *Rinaldi v. United States*, which resolved a post-sentencing Rule 48(a) motion, the Supreme Court approvingly cited *Ammidown* as standing for the proposition that "a court [may] deny a Government dismissal motion to which the Defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." 434 U.S. at 29 n.15. Consistent with this approach, our Circuit Court has found that the discretion of the Executive is at its height—and the discretion of the Judiciary at its nadir—when criminal charges are pending, while the discretion of the Judiciary is at its height at sentencing, which necessarily follows the resolution of the underlying charges. *See Ammidown*, 497 F.2d at 619; *see also Fokker Svcs.*, 818 F.3d at 742 (holding that "decisions to dismiss *pending* criminal charges" are matters of prosecutorial discretion) (emphasis added). And the power to impose a sentence necessarily implies the authority to order that sentence to be carried out, barring the exercise of the pardon power or enactment of legislation requiring a different result. But in the normal course, the Government cannot circumvent

the Court's sentencing authority by waiting until after a sentence has been imposed to selectively dismiss charges with the goal of obtaining a desired result.

The constitutional separation of powers is not the only bar to the relief the Government seeks. Congress has seen fit to enact certain factors that judges *must* consider in imposing just and appropriate sentences. *See* 28 U.S.C. § 3553 ("The court, in determining the particular sentence to be imposed, *shall* consider ….[listing factors]") (emphasis added). These factors include, but are not limited to, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), the "the seriousness of the offense," *id.* § 3553(a)(2)(A), the need for deterrence, *id.* § 3553(a)(2)(B), protection of the public, *id.* § 3553(a)(2)(C), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3554(a)(6).

Of course, while the sentencing court must consider each factor, "the requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case, inasmuch as it is only one of several factors that must be weighted and balanced by the sentencing judge." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) (emphasis in original) (citation omitted), *overruled on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Indeed, § 3553(a)(6), which requires a court to consider "unwarranted sentence disparities" among similarly situated criminal defendants, "is only one factor that a sentencing court considers." *United States v. Colwell*, 304 Fed. Appx. 885, 886 (D.C. Cir. 2008) (citing *Fernandez*, 443 F.3d at 32).

For the following reasons, the Government's motion here fails either to meet the standard articulated in *Ammidown* or to comply with the requirements of 28 U.S.C. § 3553.

First, while the Government concedes that the Court maintains a role in a motion to dismiss under Rule 48(a), it has failed to provide a reasoned analysis rooted in the record on which this Court could find that the reduction in sentence sought was in the public interest. Moreover, the Government utterly ignores the fact that, as our Circuit Court has expressly held, one element of the public interest is the preservation of the role of the judge at sentencing. *Ammidown*, 497 F.2d at 622.

The Government's motion here comprises 11 numbered paragraphs across 6 pages. *See generally* Gov't's Mot. The first nine paragraphs relate the underlying factual and procedural background in this case. *See* Gov't's Mot. ¶¶ 1–9. The tenth paragraph purports to lay out the standard by which a reviewing court resolves a motion under Rule 48(a), although it offers little more than a concession that the district court retains "some discretion" or plays "a role" in that process. *Id.* ¶ 10 (citing *Rinaldi*, 434 U.S. at 29, n.15 *and Ammidown*, 497 F.2d at 620–21). The entirety of the Government's analysis, such as it is, appears in the eleventh and final paragraph. *Id.* ¶ 11.

Like Thorpe, the Government rests its analysis entirely on the fact that Thorpe's sentence is "disproportionately" longer than Knight's. *See id.* Having established that fact, the Government cites 28 U.S.C. § 3553(a)(6), pertaining to "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and concludes that the Court should grant the motion "in the interest of justice." Gov't's Mot. ¶ 11. The Government does not cite a single other § 3553(a) factor as even

11

relevant to, much less supporting, Thorpe's immediate release. *See id.* Nor does it address the disparities between Thorpe and Knight's criminal histories, or the severity of their conduct, on the night in question. *Id.* As such, the Court finds this analysis woefully insufficient to meet the Government's burden, which requires the Government to provide a "statement of reasons and underlying factual basis" on which the Court could find that the Government's articulated interests for dismissal are "substantial." *Ammidown*, 497 F.2d at 622.

The Government's motion also fails to grapple with the public interest implicit in entrusting sentencing decisions to the Judiciary rather than the Executive inherent in our constitutional framework. *See id.* It is true that the Executive has broad discretion in charging decisions. But the considerations underlying the Executive's broad discretion at the charging stage—"the strength of the case, the prosecution's general deterrence value, the [g]overnment's enforcement priorities, and the case's relationship to the [g]overnment's overall enforcement plan," *Fokker Services*, 818 F.3d at 741 (quoting *Wayte v. United States*, 470 US. 598, 607 (1985))—are at their lowest ebb following conviction, sentencing, and incarceration. By that stage of an investigation, the Government has already expended whatever investigative and prosecutorial resources were dedicated to the case and stands to reap no benefit by walking away from a successful prosecution. Instead, the parties squarely challenge the reasonableness of the sentence imposed in light of subsequent developments. But the constitutional prerogative to fashion an appropriate sentence lies with the Court, not with the Government. *See id.* at 746. The Government's failure here to address that interest, combined with its failure to articulate

12

its reasoning behind seeking a substantially lower sentence for Thorpe, is insufficient to meet the *Ammidown* standard.

The Government's requested relief is also inconsistent with the requirements of 28 U.S.C. § 3553. A brief review of the Government's own arguments at the time of sentencing is instructive. In urging this Court to impose "the maximum term of incarceration [on Thorpe] with consecutive sentences on each charge and with respect to each victim," Govt's Sentencing Mem. at 2, the Government emphasized the serious nature of the offense, *id.* at 3, Thorpe's extensive criminal history, *id.*, and the need to protect the public, *id.*; *see also* 28 U.S.C. § 3553(a). These concerns not only were substantiated by the record, but our Circuit Court affirmed the substantive reasonableness of Thorpe's sentence based on those factors. *Knight I*, 824 F.3d at 1111. How can the same factors that supported the *maximum* possible sentence for Thorpe in 2013 justify reducing the sentence imposed by more than half in 2023? They cannot!

Furthermore, neither the Government, nor Thorpe, has established that the sentencing disparity between Thorpe and Knight is "unwarranted." 28 U.S.C. § 3553(a)(6). Indeed, even at the time of sentencing, Thorpe was sentenced to nearly three years more than his co-defendant. *See Knight I*, 824 3d at 1109. That sentencing disparity, which was affirmed by our Circuit Court on the merits, derived from the *other* § 3553(a) factors, including Thorpe's extensive criminal history and his violent conduct during the commission of the crime. *See id.* Absent a showing that Thorpe and Knight are, in fact, "defendants with similar records who have been found guilty of similar conduct," the fact that Knight benefitted from what our Circuit Court found to be his attorney's ineffective

13

assistance sheds little light on the appropriate sentence for Thorpe.  28 U.S.C. § 3553(a)(6); *see also Knight II*, 981 F.3d at 1107–08.

*Finally*, even if the Court were to accept the Government's reasoning as persuasive that Thorpe is entitled to *some* relief, which it does not, the Government has completely failed to show that Thorpe is entitled to the *same* sentence as his co-defendant. *See Colwell*, 304 Fed. Appx. at 886.  Thorpe has served less than half of a twenty-five year sentence. He was, in the view of the Government, an unusually dangerous criminal who "clearly demonstrated a wonton [sic] and reckless disregard" for his victims and the community. Govt's Sentencing Mem. at 3.  The Government has neither repudiated those statements, nor offered any factual basis on which the Court could conclude that Thorpe's sentence was inappropriate.  Yet, for reasons known only to the Government, it is now complicit in an effort to release Thorpe from custody and put him back on the street.  To say the least, the Government has failed to convince this Court that the sentence for which it now advocates would be "sufficient … to comply with the purposes set out in" 28 U.S.C. § 3553(a)(2).  As such, the Government's 48(a) motion must be **DENIED**.

## CONCLUSION

Defendant Thorpe has failed to raise any meritorious claims in his § 2255 motion. The Government's Rule 48(a) motion fails to meet the standard established by our Circuit Court in *Ammidown* and seeks relief inconsistent with 28 U.S.C. § 3553.  Accordingly, I

14

will **DENY** both Thorpe's [Dkt. # 181] and the Government's [Dkt. # 184] motions.  An

order consistent with this Memorandum Opinion shall issue on this date.

RICHARD J. LEON
United States District Judge

15